```
              IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )   Crim. No. 14-04
                             )
v.                           )
                             )
MARCEL R. HENDERSON,         )
                             )
          Defendant.         )
                             )
_____)
```

**ATTORNEYS:**

**Gretchen Shappert, United States Attorney**
**David White, AUSA**
United States Attorney's Office
St. Thomas, VI
    *For the United States of America,*

**Marcel R. Henderson**
    *Pro se.*

## ORDER

**GÓMEZ, J.**

Before the Court is the report and recommendation of the Magistrate Judge addressing the motion of Marcel Henderson to correct his sentence.

### I. FACTUAL AND PROCEDURAL HISTORY

On January 9, 2014, a six-count indictment was filed against Marcel Henderson ("Henderson"). Counts One through Three allege receipt of a firearm by a felon, in violation of federal

law. Counts Four through Six allege unauthorized possession of a firearm, in violation of Virgin Islands law.

On February 24, 2014, Henderson pled guilty to Count One of the indictment. Pursuant to his plea agreement, Henderson:

> waive[d] the right to appeal any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined, on the grounds set for in Title 18, United States Code, Section 3742(a) or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. In addition, the defendant expressly waives the right to petition under 28 U.S.C. Section 2255, with the exception of a claim of ineffective assistance of counsel.[1]

ECF No. 22. at 5-6. The plea agreement also indicated that "[i]f the adjusted offense level is 17, and the criminal history category is II, the Sentencing Guidelines range is 27-33 months imprisonment." *Id.* at 5.

On June 26, 2014, Henderson was sentenced. At the sentencing hearing, the Court found that the adjusted offense level was 25 and the criminal history category was 2, yielding a Sentencing Guidelines range of 63-78 months. The Court then sentenced Henderson to a term of imprisonment of seventy-one months. Counts Two through Six were dismissed.

---

[1] The plea agreement also permitted defendant to "appeal the decision rendered at his suppression hearing." ECF No. 22, at 6. No motion to suppress was filed. Thus, no suppression hearing was held.

On March 13, 2015, Henderson filed a motion to correct his sentence pursuant to 28 U.S.C. § 2255 (the "Section 2255 motion"). The Court subsequently referred that motion to the Magistrate Judge for a report and recommendation.

On March 16, 2018, the Magistrate issued a report and recommendation.

## II.  DISCUSSION

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the

district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

### III. ANALYSIS[2]

Henderson raises three claims in his Section 2255 motion: (1) that defense counsel was ineffective when he failed to appeal Henderson's sentence, based on a misrepresentation regarding the sentence imposed; (2) that defense counsel was ineffective when he failed to object during the sentencing hearing when the Court did not sentence Henderson to between 27 to 33 months of imprisonment; and (3) that the Government breached the plea agreement when it did not argue that the

---

[2] Because 14 days have not elapsed since service of the report and recommendation, the Court has reviewed *de novo* the report and recommendation in its entirety.

Sentencing Guidelines range was 27 to 33 months of imprisonment, and did not request a downward departure.

### A. Claim One

In his first claim, Henderson argues that his counsel was ineffective when, upon request from Henderson, counsel failed to appeal Henderson's 71 month sentence. Henderson contends that he sought to appeal his term of imprisonment because when he agreed to plead guilty, he was under the impression that he was only exposed to, at most, 33 months of imprisonment. The Magistrate recommends that the Court hold that there was no ineffective assistance of counsel because Henderson knowingly and voluntarily waived his appellate rights; the Court's sentence was within the statutory limit; and the waiver would not result in a miscarriage of justice.

Upon *de novo* review of the record, the Court agrees with the Magistrate Judge. The Court will, however, clarify several issues implicated in the Court's resolution of this claim.

In this claim, Henderson cited to *Roe v. Flores-Ortega*. In *Roe*--a case that did not involve appeal or collateral review waivers--the Supreme Court noted that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 1035,

145 L. Ed. 2d 985 (2000) (citing *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969)). The Court indicated that that "is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." *Id.*

The Supreme Court also addressed the standard for assessing prejudice. The Court held that when counsel was instructed to file a notice of appeal, failure to do so was presumptively prejudicial. *Id.* at 483.

Numerous circuit courts have applied the holding in *Roe* to a petitioner who waived his right to appeal. *See, e.g., Campusano v. United States,* 442 F.3d 770, 772-77 (2d Cir.2006); *United States v. Poindexter,* 492 F.3d 263, 273 (4th Cir.2007); *United States v. Tapp,* 491 F.3d 263, 266 (5th Cir.2007); *Watson v. United States,* 493 F.3d 960, 964 (8th Cir.2007); *United States v. Sandoval-Lopez,* 409 F.3d 1193, 1195-99 (9th Cir.2005); *United States v. Garrett,* 402 F.3d 1262, 1265-67 (10th

Cir.2005); *Gomez-Diaz v. United States,* 433 F.3d 788, 791-94 (11th Cir.2005).[3]

The Seventh Circuit has rejected that approach. It held that when there is an unambiguous, knowing and voluntary waiver of appeal rights, the petitioner must demonstrate both objectively deficient performance and prejudice. *See Nunez v. United States*, 546 F.3d 450, 455 (7th Cir. 2008). The court reasoned, in part, that the defendant had:

> made a personal decision-a decision not to appeal. That's what the waiver was about. As we've stressed, a defendant has no right to countermand such a formal choice, and a lawyer faced with inconsistent instructions by his client does not have a "ministerial" duty to follow one rather than the other. When deciding which of the contradictory directions to implement, a lawyer should do what's best for the client, which usually means preserving the benefit of the plea bargain. That this approach also honors the lawyer's duty to avoid frivolous litigation is an extra benefit.

*Nunez v. United States*, 546 F.3d 450, 455 (7th Cir. 2008).

In *United States v. Mabry*, the Third Circuit was presented with a situation where the petitioner had waived both his right to file a collateral ineffective assistance of counsel claim and his right to file an appeal. *See United States v. Mabry*, 536 F.3d 231 (3d Cir. 2008) The Third Circuit held that the

---

[3] Some of the cited decisions expressly only addressed partial appellate waivers.

petitioner was not entitled to proceed on his collateral ineffective assistance of counsel claim because he had waived that claim. *Id.* at 242-44. It reasoned that that waiver--that is, the waiver of the ineffective assistance of counsel claim-- could not be set aside for resulting in a miscarriage of justice because the petitioner's appeal right had also been waived. *Id.* The court:

> note[d] that, from an analytic standpoint, the concept of a "presumption of prejudice" flowing from ineffectiveness that fits very comfortably in the *Flores-Ortega* setting where there is no waiver really does not suit the situation in which a waiver is present. Without a waiver, the recognition of a defendant's right to an appeal is paramount and counsel's ineffectiveness clear, for the defendant was entitled to an appeal. With a waiver, that entitlement disappears, and the ineffectiveness of counsel in not pursuing a waived appeal is less than clear. The analysis of the waiver along the lines developed in our jurisprudence, which permits the court to refuse to enforce it if it would work a miscarriage of justice, allows consideration of fundamental fairness in a given situation.

*Id.* at 244. The Third Circuit also noted that:

> Even those courts that have applied *Flores-Ortega* in the waiver context have noted that presuming prejudice where there is a waiver makes little sense, because "most successful § 2255 movants in the appeal waiver situation obtain little more than an opportunity to lose at a later date." *United States v. Poindexter,* 492 F.3d 263, 273 (4th Cir.2007); *accord Campusano,* 442 F.3d at 777 ("Admittedly, applying the *Flores-Ortega* presumption to post-waiver situations will bestow on most defendants nothing more than an opportunity to lose."). So doing, they reach

>      results that are admittedly "contrary to common
>      sense." *See Sandoval-Lopez,* 409 F.3d at 1196.

*Id.* at 241 n.9.

Significantly, in this case, the plea agreement specifically provides that Henderson's collateral review waiver was not complete. He excluded from his collateral review waiver a claim for ineffective assistance of counsel. ECN No. 22, at 6. Thus, on its face, Henderson's waiver may not reconcile completely with the waiver in *Mabry.* Nevertheless, the Third Circuit did acknowledge that:

> If this issue were limited to an ineffectiveness claim and were evaluated under a *Strickland* analysis, one would wonder how counsel's failure to file a notice of appeal could be considered "outside the wide range of professionally competent assistance," if the right to appeal had been knowingly and voluntarily waived.

*Mabry*, 536 F.3d at 242 n.14. The Third Circuit also noted that:

> if one were to question (although . . . [the petitioner] does not) whether the waiver is indeed broad enough to cover this type of alleged attorney ineffectiveness, i.e., post-waiver failure to file an appeal, it should be readily apparent that this claim would not succeed in the unique fact pattern presented here where the issues that . . . [the petitioner] wished to pursue on appeal were clearly waived, and there was no allegation by him as to lack of voluntariness. Counsel's failure to file an appeal in such a situation could not be held to be sub-standard, nor did it result in any prejudice to . . . [the petitioner]. This is yet another example of why presuming prejudice is not appropriate where a waiver is present.

*Mabry*, 536 F.3d at 243 n.16.

*Mabry* certainly suggests that *Roe* would not apply where a defendant had a collateral review waiver exception for an ineffective assistance of counsel claim and, at the same time, the issues that he wished to pursue on appeal were clearly waived. The Court is satisfied that that approach is appropriate here. On that basis, the Court agrees with the Magistrate Judge that Henderson's claim does not fall within the reach of *Roe.*

**B. Claim Two**

In his second claim, Henderson argues that his counsel was ineffective when--after allegedly informing Henderson that the Sentencing Guidelines range was 27 to 33 months of imprisonment-- he failed to object when the Court sentenced Henderson to a term of imprisonment greater than 33 months. The Magistrate recommends that the Court hold that there was no ineffective assistance of counsel because the plea agreement did not prevent the Court from sentencing Henderson to a greater term of imprisonment; Henderson acknowledged that the Court could sentence him up to the statutory maximum; and Henderson's counsel argued in favor of a downward departure to a term of imprisonment between 27 and 33 months.

Upon *de novo* review of the record, the Court agrees with the Magistrate Judge.

**C. Claim Three**

In his third claim, Henderson argues that the Government breached the plea agreement when it failed to recommend that the Court sentence Henderson to a term of imprisonment between 27 and 33 months. The Magistrate recommends that the Court find that there was no breach of the plea agreement.

Upon *de novo* review of the record, the Court agrees with the Magistrate Judge.

Lastly, the Magistrate recommends: (1) that the Court resolve this motion without holding an evidentiary hearing; and (2) that the Court deny Henderson a certificate of appealability. Upon *de novo* review of the record, the Court agrees with the Magistrate Judge.

The premises considered, it is hereby

**ORDERED** that the Magistrate Judge's report and recommendation is **ADOPTED**; it is further

**ORDERED** that the Section 2255 motion of Marcel Henderson is **DENIED**; and it is further

**ORDERED** that a certificate of appealability will not issue.

S\_____

**Curtis V. Gómez**
**District Judge**